IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>                Plaintiff,<br><br>        v.<br><br>U.S. ARMY CORPS OF ENGINEERS,<br>441 G Street NW<br>Washington, DC 20314<br><br>                Defendant. | Civil Action No. 25-1306<br><br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br><br>Freedom of Information Act, 5 U.S.C. § 552 |

## INTRODUCTION

1.  The Center for Biological Diversity ("the Center")—an environmental conservation organization that works to protect native wildlife and their habitats—brings this action to compel the United States Army Corps of Engineers ("the Corps") to disclose records under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"). The records at issue concern emergency Clean Water Act and Rivers and Harbors Act permitting actions and related Endangered Species Act consultation activities taken by the Corps pursuant to President Trump's January 20, 2025, Executive Order 14,156 entitled "Declaring a National Energy Emergency" ("the Order").

2.  Lawful compliance with the permitting and consultation processes in these federal environmental laws serves a critical function in protecting water, wildlife, nature, public lands, public health, and the environment. The Clean Water Act makes the unpermitted discharge of pollutants into waterways "illegal[]" in order "to restore and maintain the chemical, physical, and

biological integrity of the Nation's waters." 33 U.S.C. § 1311(a); *id.* § 1251(a). Similarly, the Endangered Species Act consultation requirement has been described as the "heart" of the Act, *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 495 (9th Cir. 2011), giving life to "[t]he plain intent of Congress" that agencies work "to halt and reverse the trend toward species extinction, whatever the cost." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 174, 184-85 (1978).

3. Yet, through the Order, President Trump has directed the Corps to use its emergency permitting regulations to issue expedited permits under the Clean Water Act and the Rivers and Harbors Act, including by "identify[ing] planned or potential actions to facilitate the Nation's energy supply that may be subject to the [Endangered Species Act] regulation on consultations in emergencies" and using all of those regulations, "to the maximum extent permissible under applicable law, . . . to facilitate the Nation's energy supply."

4. As a result, the Center is concerned with the Corps' implementation of this Order; its activities to comply with its obligations under the Clean Water Act, Rivers and Harbors Act, and the Endangered Species Act; and how this Order could undermine the Center's longstanding conservation and extinction prevention efforts.

5. It has been over 40 working days since the Center made the public records request at issue in this action, twice the amount of time statutorily provided for the agency to respond to a request under FOIA. During that time, the Corps appears to have continued moving forward with implementing the Order but has yet to respond to the Center's FOIA request, including by failing to provide a lawful final determination or identify and disclose responsive records. In failing to search for and provide responsive records, Defendant is unlawfully withholding the records requested by Plaintiff in violation of FOIA.

6. Prompt disclosure of these records is especially imperative in this instance because they pertain to expedited and time-sensitive permitting and consultation decisions in which emergency regulations might be misapplied to abridge or eliminate legally required processes that protect water quality and endangered species. This is especially urgent because, as the Center formally notified the Corps by letter in a February 2025, such applications of emergency Clean Water Act and Endangered Species Act authorities are illegal.

7. Public access to the requested records is crucial to realize FOIA's purpose of transparency in government operations. Thus, the Center seeks from the Court declaratory relief establishing that the Corps violated FOIA. The Center also seeks injunctive relief directing the Corps to make an immediate determination on the Center's FOIA request, conduct lawful searches, and promptly release all requested records and information, including all reasonably segregable portions of any lawfully exempt records, without further delay.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

9. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

11. Plaintiff Center for Biological Diversity is a national, non-profit conservation organization with offices throughout the United States that works to protect native wildlife

species and their habitats. The Center has more than 93,000 members. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of the Corps' conduct in carrying out its permitting and consultation obligations following President Trump's issuance of Executive Order 14,156. Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. Absent this information, the Center cannot fully advance its mission to protect native species and their habitats.

12. Defendant U.S. Army Corps of Engineers is an agency of the U.S. government within the Department of Defense. The Corps is the federal agency responsible for issuing permits for the discharge of dredged or fill material into navigable waters under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and for authorizing the construction of structures in navigable waters under Section 10 of the Rivers and Harbors Act, *id.* § 403. The Corps is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

13. FOIA requires agencies of the federal government to promptly release requested records to the public unless one or more specific statutory exemption applies. 5 U.S.C. § 552.

14. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

15. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an

adverse agency determination. *Id.* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

16. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D).

18. FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

19. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

20. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

21. If the agency can demonstrate "exceptional circumstances" and that it is exercising due diligence in responding to the request, FOIA authorizes this Court to retain

jurisdiction and allow the agency additional time to complete its review of the records. *Id*. § 552(a)(6)(C)(i). Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id*. § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

22. On January 20, 2025, President Trump issued Executive Order 14,156, "Declaring a National Emergency," which directs the Corps to use emergency regulations of the Clean Water Act, Rivers and Harbors Act, and Endangered Species Act to "facilitate," "to the fullest extent possible," the "Nation's energy supply." Exec. Order No. 14,156 §§ 4–5.

23. On February 20, 2025, the Center formally noticed President Trump and Secretary Hegseth by letter that the Corps had unlawfully reclassified roughly 700 permit applications as "emergency" and that, if the Corps approved harmful projects under its purported Clean Water Act authorities or attempted to bypass Endangered Species Act consultation, those actions would likely violate the law.

24. On March 4, 2025, the Center submitted to the Corps a FOIA request for records as follows:

1. From January 20, 2025 to the date the Corps conducts this search:
   a. The records for active permit applications under section 404 of the Clean Water Act or Section 10 of the Rivers and Harbors Act documenting the consideration, reclassification or approval of such permit pursuant to Executive Order 14156, "Declaring a National Energy Emergency" https://www.whitehouse.gov/presidential-actions/2025/01/declaring-a-national-energy-emergency/.
   b. The requests for emergency consultation or approval under Section 7 of the Endangered Species Act sent to the U.S. Fish and Wildlife Service ("the Corps" [sic]) or National Marine Fisheries Service ("NMFS").
2. From February 15, 2025 to the date the Corps conducts this search: the records documenting the display of information for active permit applications with respect to their classification under Executive Order 14156, "Declaring a National Energy Emergency"

https://www.whitehouse.gov/presidential-actions/2025/01/declaring-a-national-energy-emergency/. *See* USACE Regulatory and Section 408 Publicly Available Data, https://permits.ops.usace.army.mil/orm-public (last visited Apr. 17, 2025).

25. On March 4, 2025, the Corps acknowledged that it had received the Center's FOIA request and assigned the request a tracking number, FP-25-011249. The Corps stated that the request would "be addressed as quickly as practicable" but provided no estimated date for a determination.

26. On April 1, 2025, the Center asked for a status update on the request and an estimated date of completion for a determination. The agency has not replied.

27. The Corps has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

28. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

29. The Corps has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records the Center requested in its March 4, 2025, request, tracking number FP-25-011249.

30. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Comply with FOIA's Mandatory Determination Deadline)**

31. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

32. The Center properly requested records within the control of the Corps through its March 4, 2025, request to the Corps, tracking number FP-25-011249.

33. The Center has a statutory right to a lawful final determination from the Corps on the Center's FOIA request, FP-25-011249, in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

34. The Corps has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates. *Id.*

35. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Corps in the foreseeable future.

36. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Corps will continue to violate the Center's right to a timely determination under FOIA.

## SECOND CLAIM FOR RELIEF:
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

**(Failure to Conduct an Adequate Search for Responsive Records)**

37. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. The Center has a statutory right to have the Corps process the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

39. The Corps violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request. *Id.*

40. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Corps in the foreseeable future.

41. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Corps will continue to violate the Center's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### (Failure to Promptly Disclose All Responsive Records)

42. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

43. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

44. The Corps has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

45. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in records requests to the Corps in the foreseeable future.

46. The Center's organizational activities will be adversely affected if the Corps is allowed to continue violating FOIA's disclosure provisions.

47. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Corps will continue to violate the Center's rights to receive public records under FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that the Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request, submitted on March 4, 2025, tracking number FP-25-011249;

(2) Order the Defendant to search for any and all responsive records to Plaintiff's FOIA request, submitted on March 4, 2025, tracking number FP-25-011249, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(3) Order the Defendant to produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(4) Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(5) Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records or portions of the records are improperly withheld;

(6) Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court may deem just and proper.

Dated this 29th day of April, 2025.	Respectfully submitted,

*/s/ Hannah M.M. Connor*
HANNAH CONNOR (D.C. Bar No. 1014143)
BENJAMIN T. RANKIN (D.C. Bar No. CA00215)
Center for Biological Diversity
1411 K St. NW Ste. 1300
Washington, D.C. 20005
Tel: (202) 681-1676
hconnor@biologicaldiversity.org
brankin@biologicaldiversity.org

*Attorneys for Plaintiff*